**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Latonya Footman, Employee, Appellant,

v.

Johnson Food Services, LLC, Employer, and The Hartford, Carrier, Respondents.

Appellate Case No. 2013-001382

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-010
Submitted November 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Ann McCrowey Mickle, of Mickle & Bass, LLC, and Andrew Nathan Safran, of Andrew N. Safran, LLC, both of Columbia, for Appellant.

Jason Wendell Lockhart and Brett Harris Bayne, both of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents.

**PER CURIAM:**  Latonya Footman appeals the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel). On appeal, Footman argues the circuit court erred in affirming the Appellate Panel's permanent disability award because (1) the award was based on an erroneous finding that Footman was released to return to work without restrictions and (2) the award was based on a legally insufficient fact-finding process as to a grip strength test performed by Footman.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel].  An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." (citations omitted)); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (internal quotation marks omitted)); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The Appellate Panel is the ultimate fact finder in [w]orkers' [c]ompensation cases and is not bound by the [s]ingle [c]ommissioner's findings of fact."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the [Appellate Panel] are conclusive.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.